IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-23,193-13






EX PARTE RUFUS SCOTT MURRELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W-219-81136-91 IN THE 219TH JUDICIAL DISTRICT COURT


FROM COLLIN COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted
burglary of a building and sentenced to fifty years' imprisonment. 

 Applicant contends that he was denied due process during a parole revocation proceeding. 
Applicant alleges that he was denied the opportunity to confront and cross-examine witnesses at the
revocation hearing. He also alleges that he was denied counsel, despite suffering from physical and
mental illnesses that rendered him unable to adequately represent himself in the revocation
proceedings. 

 Applicant has alleged facts that, if true, might entitle him to relief. Morrissey v. Brewer, 408
U.S. 471, 485 (1972). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with copies of any documents pertaining to
Applicant's parole revocation. The trial court shall then make findings of fact as to when the parole
revocation proceedings took place, and as to what the alleged violations of conditions of parole were. 
The trial court shall make findings as to whether Applicant was given notice of his rights in the
parole revocation process, including his right to a preliminary and final revocation hearing, and as
to whether Applicant waived his right to any such hearing. The trial court shall make findings as to
whether Applicant was afforded counsel to represent him the revocation, and as to whether he was
provided the opportunity to confront and cross-examine witnesses at a revocation hearing. The trial
court shall make findings as to what the basis of Applicant's parole revocation was. The trial court
shall make findings as to whether Applicant was provided due process in the parole revocation
proceedings. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: April 29, 2009

Do not publish